UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-23376-CIV-SCOLA/GOODMAN

JUAN CARLOS HERNANDEZ,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON DEFENDANT'S UNOPPOSED MOTION TO REMAND

This case challenges a denial of social security benefits. Before Plaintiff Juan Carlos Hernandez filed a summary judgment motion, Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("the Commissioner"), filed an unopposed motion to remand the case to the Commissioner under sentence four of 42 U.S.C. § 405(g). [ECF No. 19]. According to the Clerk's directive in these types of administrative appeals, all dispositive matters have been referred to the Undersigned for a Report and Recommendations. [ECF No. 2].

A review of the pleadings indicates Plaintiff filed a Complaint on October 17, 2022 [ECF No. 1].

On March 20, 2023, Defendant filed the instant motion, asserting that this matter

should be remanded to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), with directions to the ALJ to: "seek supplemental vocational expert (VE) evidence to determine whether there are a significant number of jobs in the national economy that Plaintiff can perform; before relying on the VE evidence, identify and resolve any conflicts between the occupational evidence provided by the VE and information in the DOT; give Plaintiff an opportunity for a hearing; and issue a new decision." [ECF No. 19]. Defendant represents that Plaintiff's attorney has been contacted and does not oppose this motion for remand. *Id.*

The plain language of sentence four of 42 U.S.C. § 405(g) empowers this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." *See* 42 U.S.C. § 405(g). The Undersigned finds Defendant's motion to be a tacit admission that Plaintiff's application was not appropriately considered and that this action should therefore be remanded.

Accordingly, it is **respectfully recommended** that Defendant's unopposed motion for remand be **granted** and that this action be **reversed** and **remanded** to the Social Security Administration for further administrative proceedings not inconsistent with the Orders of this Court. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The remand pursuant to sentence four of § 405(g) makes Hernandez a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). The Court

should retain jurisdiction to consider a motion for costs and/or attorney's fees.

### Objections

The parties will have two (2) days[1] from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within two (2) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on March 31, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record

---

[1] Because Defendant's motion is **unopposed**, the Undersigned is shortening the time for objections to two days.